[Civ. No. 1245.   Second Appellate District.—May 8, 1913.]

A. L. LYTLE, Appellant, v. A. B. ALLISON, Respondent.

GUARANTY OF PAYMENT—PAROL EVIDENCE TO EXPLAIN.—In an action on a guaranty of payment to F of any and all amounts that may be owing to him by W, including amounts now due and hereafter contracted, "to cover shipment 2 Ransome mixers complete to the Mexican Petroleum Co., Ebano, Mexico," the admission of parol evidence to show that nothing was guaranteed except payment for the mixer is erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Stutsman & Stutsman, for Appellant.

W. S. Allen, and George E. Overmyer, for Respondent.

ALLEN, P. J.—The action was based upon the following contract entered into between plaintiff's assignor and defendant:

"FAIRBANKS, MORSE & COMPANY.

"Los Angeles, Cal., Oct. 8, 1910.

"For and in consideration of one dollar, to me or us in hand paid, the receipt of which is hereby acknowledged, and the further consideration that Fairbanks, Morse & Company, extend credit to Weber-Duller Co., I, or we, the undersigned, do hereby guarantee and agree to pay to Fairbanks, Morse & Co., any and all amounts that may be owing to it by Weber-Duller Co., including amounts now due from and hereafter contracted by Weber-Duller Co., together with all interest that may accrue on the same, to cover shipment 2 Ransome mixers complete to the Mexican Petroleum Co., Ebano, Mexico.

"In witness whereof, I or we, have set my or our hand and seal.

"A. B. ALLISON.

"For and in consideration of value received, we hereby sell, assign and set over unto A. L. Lytle all our right, title and interest in and to the above guarantee.

"FAIRBANKS, MORSE & Co.,

"Per C. Knagenhelm, Agt."

The answer does not deny the execution of the contract, but simply its legal effect. It does, however, deny the assignment. The court found, after admitting oral evidence of the intention of the parties, that by the terms of the contract the defendant promised only to pay for the Ransome mixers, and that the contract price thereof having been paid before suit, no sum was due from defendant, and rendered judgment against plaintiff for costs. A new trial was denied, and from the judgment and the order denying a new trial plaintiff appeals upon a statement of the case.

We are of opinion that the court erred in its construction of the contract in the admission of oral evidence of intent, and in its finding that thereby nothing was guaranteed except payment for the mixers. There is certainly no ambiguity in relation to the promise to pay the indebtedness existing between the parties at the date of the contract. The court finds that the indebtedness existing between plaintiff's assignor and the Weber-Duller Company at such date was thirty-nine dol-

lars. The uncontradicted evidence is to the effect that the amount owing on such date was nine hundred dollars, all of which, except thirty-nine dollars, was payable October fifteenth following. The contract covers amounts owing whenever payable. The goods previously and subsequently sold to Weber-Duller Company under the guaranty, other than the mixers, amounted to $1,295.27, of which amount only $323.82 had been paid, leaving a balance on account of goods sold by plaintiff's assignor to Weber-Duller Company, outside of the mixers, of $971.45. As we read the contract, we do not regard it as ambiguous in relation to matters of subsequent indebtedness. The mere fact that the words, "to cover shipment 2 Ransome mixers complete to the Mexican Petroleum Co., Ebano, Mexico," are written in the contract, while the other portions outside of the names of the parties were printed, does not, to our minds, restrict the terms of the agreement, the obvious purpose thereof being only to evidence the fact that the shipment to third parties named was intended to be included in the guaranty and to be recognized by all parties as a sale to Weber-Duller Company, although delivered to such third parties. The assignment to plaintiff was found to have been actually made and has support. In our opinion, therefore, there was no proper denial of the indebtedness alleged in the complaint, and no evidence tending to support the finding of the court as to the indebtedness existing at the date of the contract, and that properly construing the agreement, judgment should have been given plaintiff for $971.45, the full amount unpaid on account of goods sold by plaintiff's assignor to Weber-Duller Company both before and after the date of the guaranty.

Judgment and order reversed and cause remanded.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1913.

Beatty, C. J. dissented from the order denying a rehearing and filed the following opinion thereon:

BEATTY, C. J.—I dissent from the order denying a re-hearing. I think the words written in the printed form of guaranty before it was executed by Mr. Allison (*"to cover shipments 2 Ransome mixers to Mexican Petroleum Co."* etc.) ought to be allowed some effect, and controlling effect—in construing his obligation—especially when it appears that it was given to secure credit for the shipment to which those words refer, and for no other consideration except the merely nominal consideration of one dollar.

The full price of the mixers having been paid, I do not think the defendant is liable for the general indebtedness of the Weber-Duller Co. to plaintiff's assignor.